UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RONALD KENT COSTA, Plaintiff, | : | |
| v. | : | CA 07-221 ML |
| COMMONWEALTH OF MA, TOWN OF WALPOLE, WALPOLE POLICE DEPT., TOWN OF NORWOOD, NORWOOD POLICE DEPT., Defendants. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Plaintiff's Motion to Waive Pre-payment Filing Fees in Accordance with Local Ruling (Document ("Doc.") #2) ("Motion to Waive Fees" or "Motion"). Because I conclude that the Motion should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court). For the reasons stated herein, I recommend that the Motion to Waive Fees be denied and that the action be dismissed because of Plaintiff's failure to comply with the Federal Rules of Civil Procedure and also with this Magistrate Judge's Order Re Motion to Waive Fees (Doc. #3) ("Order of 6/25/07").

**Discussion**

On June 18, 2007, Plaintiff filed his Complaint (Doc. #1). That document (with attachments) exceeded sixty pages in length. It was incoherent and failed to satisfy the requirements of the Federal Rules of Civil Procedure. See Order of 6/25/07 at 1.

Accordingly, this Magistrate Judge issued an order on June 25, 2007, directing Plaintiff to file a First Amended Complaint which complied with the requirements of Federal Rule of Civil Procedure 8(a). See id. at 2. The Order of 6/25/07 specifically provided that:

> **The document is to be short and plain.** It should state clearly:
> 1) the act(s) about which Plaintiff is complaining;
> 2) when and where the act(s) occurred;
> 3) who committed the act(s);
> 4) the relief Plaintiff seeks; and
> 5) the grounds upon which this Court's jurisdiction depends.

Id. at 2.

On July 5, 2007, Plaintiff filed Plaintiff's First Amended Complaint (Doc. #4) ("First Amended Complaint"). It consists of nine singled-spaced typed pages[1] and an eight page single-spaced handwritten attachment.[2] See First Amended Complaint. Although not as lengthy as his original filing, the First Amended Complaint is by no means a short and plain statement of Plaintiff's claim or claims. It is repetitious and difficult to understand.[3] Sentences which begin on one page do not continue

---

[1] Plaintiff has numbered these pages I through VIII. See First Amended Complaint. There are two pages numbered "IV." Id. at 4-5. For purposes of citation, the Court treats each sheet of paper of the First Amended Complaint as a separate page and cites to those pages as 1 through 9.

[2] Plaintiff also submitted a letter dated July 3, 2007, addressed to this Magistrate Judge.

[3] As an example of the verbosity, repetitiveness, and incoherence of the First Amended Complaint, the Court reproduces below a single sentence which appears on page 3 and also on page 4 of the First Amended Complaint:

> In the interim from March 2007 to April 2007, the Young family kept criminally harassing Ronald Costa, hate-messages were

onto the following page. See First Amended Complaint at 4-5, 5-6. At one point, Plaintiff appears to allege that Defendants have caused his death. See id. at 8.[4]

In short, Plaintiff's First Amended Complaint fails to comply with Fed. R. Civ. P. 8(a)[5] and the Court's Order of

---

> generated, phobic slurs, and harassing phone calls made to Ron, from MA, to Rhode Island along with an most [sic] unethical unfair ruse to get Ron deliberately detained, incarcerated with fake criminal charges and posting of criminal court proceedings in Dedham District Court that went on from April 2007 to May 31, 2007 when Shawn R. Young Sr., defendant, lost all credibility as he used collusion with the Westwood Police detective Paul Connor, to set-up or frame-up, a criminal arraignment upon Ron to murder his good name since Honorable Judge Rubine failed to issue an injunction order against him (Young) in the Washington Superior Court case from 1-07 to 4-07.

First Amended Complaint at 3, 4 (non-standard spacing corrected by the Court).

In addition to its verbosity, the above sentence appears to complain about acts allegedly committed by the "Young family" and "Shawn R. Young Sr., defendant ...." Id. Notwithstanding the reference to Shawn Young as "defendant," id., he is not included in the list of Defendants in the action, see First Amended Complaint, Attachment at 2-3 (listing Defendants). This seeming contradiction adds to the incoherence of the First Amended Complaint.

[4] Plaintiff states:

> In 2007 alone, the Commonwealth of MA forayed, trespassed into Rhode Island via third party contacts, and via mail and electronic filings to cause Ron Costa death, injury, hardship; defamations, for no legal basis to ensure that Debra Young, sister of Ronald Costa, embezzle her mother's home, the home of Carmella in Rhode Island as she was directed by Curry, to defame Ron's good name and many achievements.

First Amended Complaint at 8 (non-standard spacing corrected by the Court).

[5] Federal Rule of Civil Procedure 8(a) provides in relevant part:

> **(a) Claims for Relief.** A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs

6/25/07. Therefore, in accordance with the procedure stated in that Order, I recommend that the Motion be denied and that the action be dismissed. See Institutio de Educacion Universal Corp. v. United States Dep't of Educ., 209 F.3d 18, 24 n.4 (1st Cir. 2000)(stating that pro se parties are not excused from compliance with procedural rules).

**Conclusion**

Accordingly, I recommend that Plaintiff's Motion to Waive Fees be denied and that the action be dismissed because Plaintiff has failed to comply with the Federal Rules of Civil Procedure and this Magistrate Judge's Order of 6/25/07. See Fed. R. Civ. P. 8(a); see also 28 U.S.C. § 1915(e)(2).[6] Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10)[7] days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the

---

> no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).

[6] In relevant part, 28 U.S.C. § 1915(e) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[7] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).

right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 11, 2007